UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| FATIMA DIALLO,<br><br>  Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>  Defendant. | Case No. 24-cv-02928-LB<br><br>**ORDER GRANTING MOTION TO AMEND COMPLAINT AND REMANDING CASE**<br><br>Re: ECF No. 11 |

Plaintiff Fatima Diallo sued her former employer, defendant Wells Fargo Bank, for workplace discrimination, wrongful termination, and related violations of state law.[1] Wells Fargo removed the case to federal court based on diversity jurisdiction.[2] The plaintiff then moved to amend her complaint to add her former manager, Sergiy Vladychkin, as a defendant. This would destroy diversity jurisdiction and require remand to state court.[3] The court exercises its discretion, grants leave to amend, and remands the case to San Francisco County Superior Court.

---

[1] Compl., Ex. A to Notice of Removal – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Notice of Removal – ECF No. 1.

[3] Mot. – ECF No. 11.

ORDER – No. 24-cv-02928-LB

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e). When making this assessment, courts consider six factors: (1) whether the party that the plaintiff seeks to join is required for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would bar an action against defendant in state court; (3) whether the joinder is untimely, or there has been an unexplained delay in its request; (4) whether joinder is intended solely to destroy diversity jurisdiction; (5) whether the claim against the defendant appears valid; and (6) whether denial of joinder will prejudice the plaintiff. *IBC Aviation Servs., Inc. v. Campañia Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000). The court has discretion to grant or deny joinder. *Id*; *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

First, joinder of Mr. Vladychkin is required for just adjudication.

"A necessary party under Rule 19(a) is one having an interest in the controversy, and who sought to be made a party, in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." *IBC*, 125 F. Supp. 2d at 1011 (cleaned up); *Greer v. Lockheed Martin*, No. CV 10-1704-JF (HRL), 2010 WL 3168408, at *4 (N.D. Cal. Aug. 10, 2010). This standard is met when "failure to join will lead to separate and redundant actions." *IBC*, 125 F. Supp. 2d at 1011. "Although courts consider whether a party would meet Fed. R. Civ. P. 19's standard for a necessary party, amendment under 28 U.S.C. § 1447(e) is a less restrictive standard than for joinder under Fed. R. Civ. P. 19." *Id.* at 1011–12; *Greer*, 2010 WL 3168408, at *4. "[C]ourts generally have held that the first factor favors joinder and remand when failure to join will lead to separate and redundant actions, but not when defendants are only tangentially related to the cause of action or would not prevent complete relief." *Greer*, 2010 WL 3168408, at *4 (cleaned up).

Citing *Calderon v. Lowe's Home Ctrs.*, Wells Fargo contends that Mr. Vladychkin is not a necessary party because it is vicariously liable for his acts under the doctrine of respondeat

superior.[4] No. 2:15-CV-01140-ODW, 2015 WL 3889289, at *4 (C.D. Cal. June 24, 2015). But as the plaintiff counters, Wells Fargo has asserted an affirmative defense that Mr. Vladychkin acted outside the scope of his employment. Also, she would have to file a separate action in state court. This factor favors joinder.

Second, as the plaintiff concedes, the statute of limitations would not bar a state-court action.[5] Still, "requiring [the plaintiff] to litigate essentially the same issues in two forums would be a waste of judicial resources and risks inconsistent results." *IBC*, 125 F. Supp. 2d at 1012. This factor favors joinder.

Third, joinder is not untimely or delayed. Wells Fargo contends that the plaintiff "cannot provide adequate or reasonable justification for [Mr.] Vladychkin's omission as a defendant" in her state court complaint.[6] The litigation is at its inception: the complaint was filed in April 2024, Wells Fargo removed the case about a month later, the plaintiff tried unsuccessfully to obtain a stipulation from Wells Fargo to amend her complaint, and then she filed her motion to amend and remand.[7] On a similar timeline, courts have found that a plaintiff "acted in a timely fashion and did not unreasonably delay in seeking amendment." *IBC*, 125 F. Supp. 2d at 1012.

Fourth, the court does not conclude on this record that the plaintiff wants to join Mr. Vladychkin only to destroy diversity jurisdiction.[8] The court "declines to impute an improper motive to [the p]laintiff simply because [she] seeks to add a non-diverse defendant post-removal. Suspicion of diversity destroying amendments is not as important now that [28 U.S.C.] § 1447(e) gives courts more flexibility in dealing with the addition of such defendants." *Id.* at 1012. Mr. Vladychkin was the plaintiff's supervisor, he figures in the charged conduct, and there is the defense that he acted outside of the scope of his employment.

---

[4] Mot. – ECF No. 14 at 7.

[5] *Id.* at 12–13.

[6] Opp'n – ECF No. 14 at 9–10.

[7] Compl., Ex. A to Notice of Removal – ECF No. 1; Notice of Removal – ECF No. 1; Emails, Ex. 3 to Javaherian Decl. – ECF No. 11-1 at 62–66; Mot. – ECF No. 14.

[8] Opp'n – ECF No. 14 at 10 (The plaintiff's "improper motive is front and center" in this case) (bolding and capitalization removed).

Fifth, as to the validity of the claims, in the proposed amended complaint, the plaintiff names Mr. Vladychkin as a defendant in her second claim for a hostile-work-environment under California's Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12940(j), her third claim for discrimination and harassment in violation of Cal. Gov't Code §§ 12940(j)(1) & (k), and her fourth claim for intentional infliction of emotional distress (IIED).[9] Wells Fargo concedes that the plaintiff's hostile-work-environment claim likely would survive a Rule 12(b)(6) motion to dismiss but asserts that there is no common-law harassment claim and the plaintiff did not allege "extreme and outrageous conduct" for the IIED claim.[10] As the plaintiff counters, even the plaintiff did not allege an IIED sufficiently, Wells Fargo "has not demonstrated that, under California law, [she] would not be afforded leave to amend [her] complaint to cure this purported deficiency."[11] *Burris v. AT&T Wireless, Inc.*, No. C 06-02904 JSW, 2006 WL 2038040, at * 2 (N.D. Cal. July 19, 2006). Thus, the plaintiff has at least some "potentially valid" claims against Mr. Vladychkin. *Greer*, 2010 WL 316408, at *6. This favors joinder.

Sixth, denial of joinder prejudices the plaintiff. Wells Fargo relies on its arguments that the plaintiff can have complete relief absent joinder by suing Wells Fargo Bank, which is responsible for its employee's conduct under the doctrine of respondeat superior.[12] But it also asserted as a defense that Mr. Vladychkin acted outside the scope of his employment. Also, denying joinder require the plaintiff "to choose between redundant litigation arising out of the same facts and involving the same legal issues or foregoing [her] potential claims against Mr. [Vladychkin], while allowing amendment will not prejudice [Wells Fargo] as discovery has not yet begun." *IBC*, 125 F. Supp. 2d at 1013.

---

[9] Proposed First Am. Compl. (FAC), Ex. 2 to Javaherian Decl. – ECF No. 11-1 at 16–21 (¶¶ 63–104).

[10] Opp'n – ECF No. 14 at 6–7 & n.1 (citing *Robles v. Agreserves, Inc.*, 158 F. Supp. 942 (E. D. Cal. 2016), for the IIED standard).

[11] *Id.* at 10; *see id.* at 9–10 (the plaintiff is not claiming common-law harassment and instead claims harassment in violation of Cal. Gov't Code § 12940(a), "which is cited to within the cause of action").

[12] *Id.* at 11.

In sum, the court exercises its discretion and grants the plaintiff's motion to file a first amended complaint. The operative complaint is the plaintiff's proposed complaint docketed at ECF No. 11-1 at 5–31. The court remands the case to San Francisco County Superior Court.

This resolves ECF No. 11.

**IT IS SO ORDERED.**

Dated: September 6, 2024

_____
LAUREL BEELER
United States Magistrate Judge